# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

---

## NO. 13-2548

---

### DAVID STEBBINS,
**Appellant**

**vs.**

### LEGAL AID OF ARKANSAS,
**Appellee**

---

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HARRISON DIVISION

**Hon. P. K. Holmes, III**
**Chief United States District Judge**

---

## BRIEF OF APPELLEE, LEGAL AID OF ARKANSAS

---

**Constance G. Clark #79033**
**Don A. Taylor #89139**
**J. David Dixon #05251**
**DAVIS, CLARK, BUTT, CARITHERS & TAYLOR, PLC**
**Post Office Box 1688**
**Fayetteville, AR 72702-1688**
**(479) 521-7600 (Telephone)**
**(479) 521-7661 (Facsimile)**
**cclark@davis-firm.com**

# SUMMARY OF THE CASE

Appellant David Stebbins filed suit against Legal Aid of Arkansas, alleging that it refused to represent him because of his disability (Asperger's syndrome) and that it retaliated against him, all in violation of the Americans With Disabilities Act ("ADA") (United States District Court, Western District of Arkansas case number 3:11-cv-03057-PKH). United States Magistrate Judge James R. Marschewski issued a report and recommendation, in which he recommended that Mr. Stebbins' two motions for partial summary judgment be denied and that Legal Aid's motion for partial summary judgment be granted. After considering objections to the magistrate's report, Chief United States District Judge P. K. Holmes, III issued an order adopting (with certain limited exceptions) the magistrate's report and recommendation, denying the plaintiff's two motions for partial summary judgment, and granting the defendant's motion for partial summary judgment. In addition, Judge Holmes granted Legal Aid's second motion for partial summary judgment, denied the plaintiff's motion for nonsuit, and dismissed the plaintiff's case in its entirety with prejudice.

David Stebbins appealed the district court's order to this court. In a *per curiam* opinion filed on May 21, 2013, this court affirmed the judgment of the district court.

ii

(United States Court of Appeals for the Eighth Circuit case number 12-3981)  The formal mandate was issued on June 12, 2013.

On July 2, 2013, Mr. Stebbins filed in the district court case a "Motion to Set Aside Judgment and to Disqualify Judge", asserting that the court holds an animus against him as a result of the many lawsuits he has filed, that Judge Marschewski should have removed himself from the proceedings, and that the judgment should be vacated, the case re-opened, and the matter assigned to another judge.  By an order entered on July 3, 2013, United States District Judge Holmes denied Mr. Stebbins' motion, finding that the fact that the plaintiff disagrees with Judge Marschewski's recommendations does not constitute grounds for disqualification.  Judge Holmes also noted that the judgment entered in favor of the defendant was upheld on appeal and the case closed.  The court found no reason for setting aside the judgment entered in the case.  David Stebbins now appeals the order denying his motion to set aside the judgment and to disqualify the judge.

Appellate Case: 13-2548     Page: 3     Date Filed: 10/09/2013 Entry ID: 4084078

# TABLE OF CONTENTS

**PAGE**

SUMMARY OF THE CASE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE FACTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      THE DISTRICT COURT CORRECTLY DENIED
      THE PLAINTIFF'S UNTIMELY MOTION TO
      SET ASIDE JUDGMENT AND TO DISQUALIFY JUDGE. . . . . . . . . . 10

      A.  Standard of Review.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      B.  The Plaintiff's Motion Was Untimely.. . . . . . . . . . . . . . . . . . . . . 10

      C.  The Plaintiff's Motion Was Without Merit.. . . . . . . . . . . . . . . . . . 15

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

iv

Appellate Case: 13-2548    Page: 4    Date Filed: 10/09/2013 Entry ID: 4084078

# TABLE OF AUTHORITIES

PAGE

**Cases:**

*Delesdernier v. Porterie,*
   666 F.2d 116 (5th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*E. & J. Gallo Winery v. Gallo Cattle Co.,*
   967 F.2d 1280 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Fletcher v. Conoco Pipe Line Co.,*
   323 F.3d 661 (8th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Gil Enterprises, Inc. v. Delvy,*
   79 F.3d 241 (2nd Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 18

*In re Apex Oil Co.,*
   981 F.2d 302 (8th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re IBM Corp.,*
   45 F.3d 641 (2nd Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Jones v. Swanson,*
   512 F.3d 1045 (8th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Liljeberg v. Health Services Acquisition Corp.,*
   486 U.S. 847, 108 S. Ct. 2194,
   100 L. Ed. 2d 855 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

*Sellers v. Mineta,*
   350 F.3d 706 (8th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Tri-State Financial, LLC v. Lovald,*
   525 F.3d 649 (8th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

v

**Statutes:**

28 U.S.C. §455(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

**Court Rules:**

Ark. R. Civ. P. 60. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Fed. R. Civ. P. 60.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Fed. R. Civ. P. 60(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Fed. R. Civ. P. 60(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. R. Civ. P. 60(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Appellate Case: 13-2548     Page: 6     Date Filed: 10/09/2013 Entry ID: 4084078

# STATEMENT OF THE ISSUE

## THE DISTRICT COURT CORRECTLY DENIED
## THE PLAINTIFF'S UNTIMELY MOTION TO
## SET ASIDE JUDGMENT AND TO DISQUALIFY JUDGE.

Appellate Case: 13-2548    Page: 7    Date Filed: 10/09/2013 Entry ID: 4084078

## STATEMENT OF THE CASE

On July 20, 2011, David Stebbins filed suit in the United States District Court for the Western District of Arkansas against Legal Aid of Arkansas ("Legal Aid"), alleging that he is a person with a disability known as Asperger's syndrome and that Legal Aid discriminated against him in violation of the Americans with Disabilities Act ("ADA") by refusing to represent him in a legal matter. [Doc. 1][1]  On September 12, 2011, Mr. Stebbins amended his complaint to add a charge of retaliation. [Doc. 5]  The plaintiff alleged in his amended complaint that Legal Aid refused to represent him for the additional reason that he had sued Legal Aid.  Legal Aid filed its answer, denying that it discriminated or retaliated against the plaintiff, denying that the plaintiff's complaint states a cause of action and denying that the plaintiff is entitled to any relief. [Doc. 16]

―――――――――――――――

[1] Because the appellant did not file an appendix or an addendum, references to the record in this brief shall consist of references to the docket numbers of documents filed with the United States District Court for the Western District of Arkansas in case number 3:11-cv-03057.

2

On March 6, 2012, Mr. Stebbins filed a motion for partial summary judgment, seeking judgment in his favor as a matter of law and an award of damages with respect to his retaliation claim. [Doc. 37] Legal Aid responded to the plaintiff's motion and then filed its own motion for partial summary judgment on the retaliation claim. [Doc. 52] The plaintiff later filed a second motion for partial summary judgment, this one relating to his discrimination and failure to modify claim. [Doc. 58] Legal Aid responded to that motion, as well, and then filed its own second motion for partial summary judgment with respect to the discrimination claim. [Doc. 73]

The plaintiff's two motions and the first of Legal Aid's motions were referred by the court to magistrate James R. Marschewski for decision. On September 10, 2012, the magistrate issued his report and recommendation. [Doc. 77] It was Judge Marschewski's recommendation that both of the plaintiff's motions be denied and that the defendant's partial summary judgment motion on the retaliation claim be granted. Mr. Stebbins filed an objection to the magistrate's report and recommendation. [Doc. 79] Legal Aid also filed an objection to certain of the magistrate's factual findings, but did not object to his conclusions. [Doc. 80]

In an order entered on November 6, 2012, Chief United States District Judge P. K. Holmes, III adopted the magistrate's report and recommendation (with the exception of three factual findings) and denied David Stebbins' two partial summary

3

judgment motions, granted Legal Aid's two partial summary judgment motions, and dismissed the plaintiff's complaint with prejudice. [Docs. 88 and 89] On December 3, 2012, Mr. Stebbins filed his notice of appeal to this court from the district court's judgment. [Doc. 90]

In a *per curiam* opinion filed on May 21, 2013, this court affirmed the judgment of the district court. (Eighth Circuit Court of Appeals case number 12-3981) It was the determination of this court that David Stebbins did not meet his summary judgment burden of proof as to the discrimination and failure-to-modify claims and, even if he had, that Title III of the ADA does not provide for private actions seeking damages. This court also held that even if Mr. Stebbins made a prima facie case of retaliation, Legal Aid proffered legitimate, non-pretextual reasons for declining to represent him. The court also noted that it was precluded from reviewing challenges to the magistrate's discovery rulings because Mr. Stebbins failed to file objections to those rulings in the district court. The court issued its formal mandate on June 12, 2013.

On July 2, 2013, Mr. Stebbins filed in the district court case a Motion to Set Aside Judgment and to Disqualify Judge [Doc. 97], asserting that the court holds an animus against him as a result of the many lawsuits he has filed, that Judge Marschewski should have removed himself from the proceedings, and that the

4

judgment should be vacated, the case re-opened, and the matter assigned to another judge. By an order entered on July 3, 2013, United States District Judge Holmes denied Mr. Stebbins' motion, finding that the fact that the plaintiff disagrees with Judge Marschewski's recommendations does not constitute grounds for disqualification. [Doc. 98] Judge Holmes also noted that the judgment entered in favor of the defendant was upheld on appeal and the case closed. The court found no reason for setting aside the judgment entered in the case. On July 16, 2013, David Stebbins filed a notice of appeal from the order denying his motion to set aside the judgment and to disqualify the judge. [Doc. 99]

5

# STATEMENT OF THE FACTS

Legal Aid of Arkansas represented David Stebbins, a resident of Harrison, Arkansas, in connection with an attempt by his landlord, Harp & Associates, to evict him from his apartment. After the representation was concluded, Legal Aid closed its file and advised Mr. Stebbins that if he needed legal assistance in another matter, he should re-apply for services. [Doc. 73, Exs. B, B2] Mr. Stebbins protested Legal Aid's decision to close its file, claiming that the agency's decision not to represent him any further in the landlord-tenant dispute constituted disability discrimination. On July 20, 2011, Mr. Stebbins filed suit against Legal Aid in the United States District Court for the Western District of Arkansas, alleging that he is a person with a disability and that Legal Aid unlawfully discriminated against him in violation of the Americans with Disabilities Act. [Doc. 1] On September 3, 2011, the plaintiff sought additional legal services from Legal Aid in connection with an appeal in his landlord's unlawful detainer action. [Doc. 52, Ex. B] Legal Aid declined to represent Mr. Stebbins for several reasons, one of which was the conflict of interest that arose as a result of his pending civil action against Legal Aid. [Doc. 52, Exs. C and G] At that point, Mr. Stebbins amended his complaint to include a retaliation claim. [Doc. 5]

After discovery was conducted, both parties moved for summary judgment. [Docs. 37, 52, 58, 73] Magistrate James R. Marschewski, to whom the motions had been referred for decision, issued his report and recommendation. [Doc. 77] After considering the parties' objections to the report [Docs. 79, 80], United States District Court Judge P. K. Holmes, III entered an order adopting the magistrate's report and recommendation (with the exception of three findings of fact), denying the plaintiff's summary judgment motions, granting the defendant's motions for summary judgment, and dismissing the plaintiff's complaint with prejudice. [Docs. 88, 89]

David Stebbins appealed the summary judgment order. [Doc. 90] The case was fully briefed. In an opinion filed on May 21, 2013, this court affirmed the district court judgment. On July 2, 2013, Mr. Stebbins filed with the district court a Motion to Set Aside Judgment and Disqualify Judge, asking that the judgment entered in this matter be vacated, the case re-opened, and the matter assigned to another judge and magistrate. [Doc. 97] The motion was denied by an order entered on July 3, 2013 [Doc. 98] and this appeal followed.

7

# SUMMARY OF THE ARGUMENT

Legal Aid submits that David Stebbins' arguments are without merit. It contends, first, that the appellant's motion to set aside the judgment is nothing more than a motion to disqualify the judges assigned to the case and that the motion is untimely. A motion for disqualification must be filed at the earliest possible moment; it is not a card which may be held in a litigant's back pocket and played as a "fall back" position in the event he is unsuccessful, as Mr. Stebbins was, on the merits of his claim. If David Stebbins had any reason during the pendency of this case to believe that he had grounds to seek the disqualification of Magistrate James R. Marschewski or United States District Judge P. K. Holmes, III, then he should have filed his motion at that time. The filing of such a motion after the case has been decided and the appeal concluded is nothing more than an improper attempt to re-litigate a matter that has been fully litigated, determined and closed.

Legal Aid also contends that even if Mr. Stebbins' motion were timely, he has failed to demonstrate any basis for disqualifying the judges assigned to this matter or for vacating the judgment entered in this case. Mr. Stebbins puts forth no facts or evidence to prove grounds for disqualification and cites no persuasive authority to support his argument that disqualification is required. His brief is replete with

Appellate Case: 13-2548    Page: 14    Date Filed: 10/09/2013 Entry ID: 4084078

references to actions taken by Magistrate Judge Marschewski in other lawsuits filed by Mr. Stebbins after the instant case was filed and he argues that the lower court's "frustration" with Mr. Stebbins' litigation tactics in those other cases "had an impact, even if it was a subconscious impact" on the handling of this case. (Stebbins' Brief, p. 9) Speculation is no substitute for proof. The fact that there have been rulings in other cases which Mr. Stebbins finds objectionable is hardly tantamount to a bias against him which would call for disqualification. The district court's order denying Mr. Stebbins' motion was proper and should be affirmed.

Appellate Case: 13-2548    Page: 15    Date Filed: 10/09/2013 Entry ID: 4084078

# ARGUMENT

## THE DISTRICT COURT CORRECTLY DENIED THE PLAINTIFF'S UNTIMELY MOTION TO SET ASIDE JUDGMENT AND TO DISQUALIFY JUDGE.

### A.  Standard of Review.

The district court has wide discretion in ruling on a motion pursuant to Federal Rule of Civil Procedure 60(b) and this court will reverse only for a clear abuse of discretion.  *Jones v. Swanson*, 512 F.3d 1045 (8th Cir. 2008); *Sellers v. Mineta*, 350 F.3d 706 (8th Cir. 2003).

### B.  The Plaintiff's Motion Was Untimely.

David Stebbins has appealed the district court's denial of his motion, presumably pursuant to Federal Rule of Civil Procedure 60(b)[2], to set aside the judgment entered in this case and to disqualify Magistrate Judge James Marschewski and District Judge P. K. Holmes, III.  Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of the reasons enumerated in subsections (1) through

---

[2] In his brief, Mr. Stebbins cites Rule 60 of the Arkansas Rules of Civil Procedure rather than Rule 60 of the Federal Rules of Civil Procedure.  (Stebbins' Brief, p. 4)

Appellate Case: 13-2548    Page: 16    Date Filed: 10/09/2013 Entry ID: 4084078

(6), including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason that justifies relief." Subparagraph (c)(1) of the rule states, "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2) and (3) no more than a year after the entry of the judgment or order of the date of the proceeding."

David Stebbins fails to tell us which subsection of Rule 60(b) he is relying upon in seeking to set aside the judgment in this case. Presumably, he contends that the alleged bias against him which he asserts was exhibited by the judges assigned to this matter constitutes grounds for relief under the catch-all provision of (b)(6). If that is his argument, then it is necessary to view his motion in light of the law applicable to disqualification of a member of the judiciary. Again, Mr. Stebbins fails to cite any governing statute or rule, but Legal Aid believes that the pertinent provision is 28 U.S.C. §455(a), which requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." In *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864, 108 S. Ct. 2194, 2205, 100 L. Ed. 2d 855, 875 (1988), the United States Supreme Court held that Rule 60(b) can provide a vehicle for relief for a §455(a) violation when there are "extraordinary circumstances" and the relief is timely requested. Thus, the first question which must be addressed is whether Mr. Stebbins' motion to vacate the judgment – which is

11

actually nothing more than a motion for disqualification – was timely filed. Legal Aid submits that it was not.

This court pointed out in *In re Apex Oil Co.*, 981 F.2d 302, 304 (8th Cir. 1992), that "[t]he timing of a recusal motion affects whether the moving party is entitled to relief." In reaching its conclusion, the court looked to legislative history, noting that "Congress cautioned, 'in assessing the reasonableness of a challenge to his impartiality, each judge must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision'." *Id.* at 304-05, citing H.R. Rep. No. 1453, 93d Cong., 2d Sess., reprinted in 1974 U.S.C.C.A.N. 6351, 6355. More recently, in *Tri-State Financial, LLC v. Lovald*, 525 F.3d 649, 653 (8th Cir. 2008), this court stated that motions for recusal under 28 U.S.C. §455 "will not be considered unless timely made", citing *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003). The court went on to say that the timeliness doctrine under §455 "requires a party to raise a claim at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." *Id.* The court referenced the *Apex Oil* decision in explaining that a party is required to bring his recusal motion promptly in order to avoid the risk that he might hold his application as an option in the event the trial court rules against him.

Appellate Case: 13-2548    Page: 18    Date Filed: 10/09/2013 Entry ID: 4084078

The courts of other circuits are in accord. In *Gil Enterprises, Inc. v. Delvy*, 79 F.3d 241 (2nd Cir. 1996), the Second Circuit Court of Appeals rejected the appellant's attempt in connection with its appeal from a bench trial to disqualify the trial judge for perceived bias. The court noted that in *In re IBM Corp.*, 45 F.3d 641, 643 (2nd Cir. 1995), it held that "it is important to present recusal applications promptly for at least two reasons. First, a prompt application affords the district judge an opportunity to assess the merits of the application before taking any further steps that may be inappropriate for the judge to take. Second, a prompt application avoids the risk that a party is holding back a recusal application as a fall-back position in the event of adverse rulings on pending matters." The *Gil Enterprises* court concluded that, in the face of defeat, Gil was seeking to do exactly what the court had warned against in *In re IBM* – namely, to use its post-hoc recusal motion as a fall-back position. It held that because Gil's objection was raised much later than "the earliest possible moment" and because Gil failed to demonstrate any bias on the part of the district court beyond the trial judge's own expressed frustration at Gil's counsel's tactics, it was not entitled to relief. *See also E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280 (9th Cir. 1992) and *Delesdernier v. Porterie*, 666 F.2d 116 (5th Cir. 1982).

While the appellant in *Gil Enterprises* waited until the case was on appeal to raise the issue of the trial judge's alleged impartiality, David Stebbins waited even

13

longer. Mr. Stebbins is now bringing **a second appeal** solely for the purpose of challenging the qualifications of the magistrate and district court judges to hear and decide this matter. Here, Mr. Stebbins not only failed to raise the issue at the trial court level, but he failed to raise it in his appeal from the entry of summary judgment in favor of Legal Aid. It was not until after that litigation was concluded, his appeal was decided in Legal Aid's favor, and the mandate was issued that Mr. Stebbins sought for the first time to disqualify the magistrate and district court judges.

It is abundantly clear that the earliest possible moment at which David Stebbins could have sought the disqualification of Judges Marschewski and Holmes was long before the filing of his July 2, 2013 motion. For instance, one of the incidents of alleged bias relied on by Mr. Stebbins in his brief was what he perceived as delay in ruling on his motion for leave to proceed *in forma pauperis*. He sought redress by filing a petition for writ of mandamus in this case on September 9, 2011. (Eighth Circuit Court of Appeals case number 11-2950) If Mr. Stebbins believed the judge assigned to this matter should be disqualified as a result of this conduct, then his motion for disqualification should have been filed at that time. In contrast to the facts of *Liljeberg*, *supra*, where the Supreme Court granted relief from the judgment because there was no evidence of neglect or lack of due diligence by the movant, David Stebbins was well aware at every step of this litigation of his alleged grounds

14

for seeking disqualification and had ample opportunity to seek relief while the case was pending before the district court.

### C. The Plaintiff's Motion Was Without Merit.

It quickly becomes obvious from a reading of the appellant's brief that this appeal bears no relationship to the underlying litigation between Mr. Stebbins and Legal Aid of Arkansas. In fact, Mr. Stebbins states in his brief that "the judges themselves are, essentially, the defendants/respondents in this action." (Stebbins' Brief, p. 18) As this court well knows, Mr. Stebbins has filed many lawsuits in the United States District Court for the Western District of Arkansas, some of which have been the subject of prior appeals or petitions for writs of mandamus and some of which are currently on appeal to this court. David Stebbins' present appeal is merely an attempt to argue, or re-argue, the merits of several of those other cases and has nothing to do with the now concluded dispute between himself and Legal Aid. Mr. Stebbins' dissatisfaction with rulings in those other cases has resulted in the argument in this appeal that the alleged general "frustration" experienced by Judges Marschewski and Holmes in handling Mr. Stebbins' cases "had an impact, even if it was a subconscious impact, on the District Court's handling of the merits of this case." (Stebbins' Brief, p. 9)

15

David Stebbins has offered no evidence to suggest that the report and recommendation of the magistrate judge or the orders of the district court judge in this case were premised upon an animus against him. Both the lower court and, on appeal, this court, engaged in a thorough legal analysis of Mr. Stebbins' claims and decided the case for sound legal reasons. Mr. Stebbins simply speculates or theorizes that the judges were biased against him and, to make his argument, alleges that in other cases the magistrate procrastinated in ruling on Mr. Stebbins' motions, wrongfully compelled the production of his medical records, refused to issue subpoenas, and erred in recommending that summary judgment be entered in favor of defendants. Again, the actions about which Mr. Stebbins complains were not taken in this case, but occurred in other cases, all of which were filed after Mr. Stebbins filed this lawsuit against Legal Aid[3]. In fact, the magistrate's ruling regarding the

---

[3] Among the cases referenced by Mr. Stebbins in his brief are *Stebbins v. Boone County, Arkansas, et al.*, U.S. District Court case number 3:12-cv-03022-PKH and Eighth Circuit Court of Appeals case numbers 12-1796 and 13-2677; *Stebbins v. Bradford, et al.*, U.S. District Court case number 3:12-cv-03131-PKH and Eighth Circuit Court of Appeals case number 13-2689; and *Stebbins v. Watkins*, U.S. District Court case number 3:13-cv-03068 and Eighth Circuit Court of Appeals case number 13-2943.

production of medical records and his report and recommendations on the motions for summary judgment in *Stebbins v. Boone County, Arkansas* were made on July 30, 2013 and August 1, 2013, after the appeal in this case was already decided. It defies logic that actions taken by the district court in other cases after rulings were made in the instant case somehow demonstrate that the court's decisions in this case were the result of an animus or prejudice against the plaintiff.

## CONCLUSION

In conclusion, Legal Aid of Arkansas submits that the district court did not abuse its discretion in denying David Stebbins' motion to set aside the judgment in this case. First and foremost, Mr. Stebbins' motion was untimely. Rather than bringing the issue of alleged animus or bias before the district court at the earliest possible moment, the plaintiff waited and raised the issue only after summary judgment was entered against him and that judgment was affirmed on appeal. He has offered no justifiable reason or excuse for his delay. Moreover, Mr. Stebbins has put forth no basis upon which the judges assigned to this case should be disqualified. As Judge Holmes stated in his order, "[t]he fact that Mr. Stebbins disagrees with or does not like Judge Marschewski's recommendations does not create grounds for disqualification." [Doc. 98] And, even if there were any basis for Mr. Stebbins' assertion that Judges Marschewski and Holmes were frustrated with him, as the

17

Second Circuit Court of Appeals noted in *Gil Enterprises, Inc. v. Delvy*, 79 F.3d 241

(2nd Cir. 1996), a judge's frustration with a litigant's or an attorney's tactics does not

constitute bias sufficient to require disqualification.

For all of the reasons set forth in this brief, Legal Aid of Arkansas urges this

court to affirm in all respects the sound judgment of the district court.

Respectfully submitted,

LEGAL AID OF ARKANSAS

By  */s/ Constance G. Clark*
Constance G. Clark #79033
Don A. Taylor #89139
J. David Dixon #05251
DAVIS, CLARK, BUTT, CARITHERS
    & TAYLOR, PLC
P.O. Box 1688
Fayetteville, AR 72702-1688
(479) 521-7600 (Telephone)
cclark@davis-firm.com

18

# CERTIFICATE OF COMPLIANCE

I, Constance G. Clark, hereby certify that the within Brief contains 4,500 words and 493 lines and, therefore, complies with the type-volume limitations of the Federal Rules of Appellate Procedure. The Brief has been scanned for viruses and is virus-free. In accordance with Eighth Circuit Rule 28A(c), I also certify that this Brief was prepared using Corel Word Perfect, Version X4.

/s/ Constance G. Clark
Constance G. Clark

Appellate Case: 13-2548    Page: 25    Date Filed: 10/09/2013 Entry ID: 4084078

## CERTIFICATE OF SERVICE

I, Constance G. Clark, certify that on October 7, 2013, I electronically filed the foregoing with the clerk of the court of the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.

*/s/ Constance G. Clark*
Constance G. Clark

Appellate Case: 13-2548    Page: 26    Date Filed: 10/09/2013 Entry ID: 4084078