IN THE UNITED STATES COURT FO APPEALS
FOR THE EIGHTH CIRCIUT

**DAVID STEBBINS**                                                                **APPELLANT**

**VS**                                  **CASE NO. 13-2548**

**LEGAL AID OF ARKANSAS**                               **DEFENDANTS**

### REPLY BRIEFING

       Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Reply to Legal Aid's Appellee Briefing.

1.     In support of its defense, Appellee makes the following arguments.

    (a)     Appellant's motion was untimely filed, that Appellant should have filed the motion the very moment that it become proper, and not a second afterward.

    (b)     Appellant, according to Appellee, is simply attempting to use the possibility that the District Courts *might* have a vendetta against Appellant as a fallback to escape the adverse judgment.

2.     Neither of these arguments were ever raised by Appellee in the District Court. In fact, Appellee never raised *any* arguments on this matter in the District Court. Therefore, all of these arguments cannot be brought up on appeal. See the following case laws:

    (a)     *General Mills Operations v. Five Star Custom Foods*, 703 F. 3d 1104, 1112 (8th Cir. 2013) ("This argument was not raised in the district court, and will not be considered for the first time on appeal").

    (b)     *Joseph v. Allen*, 712 F. 3d 1222, 1226 (8th Cir. 2013) ("[H]e raises the issue for the first time on appeal. Therefore, the argument is waived").

    (c)     *Trustees of Electricians' Salary v. Wright*, 688 F. 3d 922, 926 (8th Cir. 2012) ("[O]rdinarily, this court will not consider arguments raised for the first time on appeal").

(d) *McCleary v. ReliaStar Life Ins. Co.*, 682 F. 3d 1116, 1120 (8th cir. 2012) ("[B]ecause McCleary did not raise the existence of a mortgage before the district court, we will not consider it for the first time on appeal.")

(e) *Lopez v. Tyson Foods, Inc.*, 690 F. 3d 869, 875 (8th Cir. 2012) ("[O]rdinarily this court will not consider arguments raised for the first time on appeal").

(f) *Kallail v. Alliant Energy Corporate Services, Inc.*, 691 F. 3d 925, 934 (8th Cir. 2012) ("[W]e decline to consider it for the first time on appeal").

3. Therefore, the Court should strike Appellee's Briefing and proceed to consider the Appellant Brief on its own.

4. In the event that the Court declines to adopt the arguments contained in Paragraphs #2 – 3, Plaintiff provides the following arguments on the merits of Appellee's arguments:

**Appellant's motion was timely enough.**

5. Appellee claims that Appellant must move to disqualify a judge the *very instant* that evidence to support the motion becomes available.

6. It was not until February 8, 2013 – when he received the Magistrate Judge's Report & Recommendation in the mail – when Appellant finally was made aware of the Magistrate Judge's personal frustration with Appellant's litigation practices. Until then, Appellant had his suspicions, but had nothing solid to go off of.

7. Now, you might think that Appellant could have filed the motion to set aside the judge at that exact point in time. At the very least, he could have filed it in the month of February. Yes, he *could* have filed the motion sooner than he did, but he had a good reason for hesitating.

8. See, despite what the District Court (and some of the justices in this Court) would like to believe, Appellant actually *does* have some regard for proper use of the legal system. Appellant

held on filing the motion to disqualify the judges and set aside the judgment until he had done sufficient legal research to know that the motion had merit. If Appellant had done what the Appellee claims he should have done, and filed the motion at the "earliest possible moment," Appellant would have risked repeating the actions of one Robert Procup in the case of Procup v. Strickland, 792 F. 2d 1069, 1071 (11th Cir. 1986) ("[D]ue to Procup's shotgun litigation techniques, attorneys in the legal services office already have found themselves as defendants in Procup's rambling pleadings"). After all, as Appellee correctly argues, motions to disqualify judges must be approached with caution so as to prevent litigants from using them as a fallback for adverse judgments.

9.     So the question is … are you prepared to put up with motions being filed which are potentially done in violation of Federal Rule of Civil Procedure #11 because a motion cannot be considered on the merits unless it is filed *the exact instant* that he receives knowledge of something? Or, are you willing to accept a small and reasonable delay in order to give the litigant enough time to do his homework, so as to minimize the wasting of the court's resources? Appellant personally feels that the latter is the lesser of two evils.

10.    Besides, the delay on the motion currently being appealed is minimal.The motion was filed slightly under five (5) months after the Report & Recommendation was filed. First of all, Fed. R. Civ. P. 60(c) plainly states that one (1) year is considered "timely" for the purposes of filing this motion, and even then, that minimum time frame is not applicable to motions to set aside judgment which are founded upon Fed. R. Civ. P. 60(a)(6). Second, Appellant is *pro se*, so it goes without saying that his legal research will be significantly slower than the same research performed by an attorney, since he does not have the same vast access to legal materials that attorneys do; this is just one of the accommodations that needs to be afforded *pro se* litigants

pursuant to the precedent of *Haines v. Kerner*, 404 U.S. 519 (1972).

11.  Last but not least, Appellee argues, in favor of its claim of untimeliness, that these motions must be timely filed in order to prevent cases being ruled on the merits by judges who should have been disqualified.  Appellant wholeheartedly agrees; however, in the instant case, the evidence to support the motion to disqualify the judge – even if Appellant had filed it the *exact instant* he became aware of the evidence – was not revealed to Appellant until after this case had indeed been completed.  By that point, there was no harm in waiting any longer.  Therefore, even if that problem may have *legal* significance, it is not present in *this* case (as a matter of fact, rather than law).

### The motion has merit. There is sufficient evidence to support a finding of partiality.

12.  Barring the issue of timeliness, Appellee argues in the alternative that it is "abundantly clear" that the motion is simply filed in an attempt to re-argue the instant case, which has already been completed.

13.  Appellee either misses the point, or simply does not care about the point (Appellant suspects the latter).  Appellant is asserting that he was never given a fair hearing in the instant case because there is evidence to show a possibility that the District Judges had presided over the case having already made up their minds about which party they wanted to rule against. There is plenty of evidence to point to this possibility.

14.  For example, as set forth in Paragraphs #10 – 16 of the Appellant Briefing, the Court has engaged in a clear pattern of procrastination when it comes to ruling on motions.  When they finally rule on these motions, the judges often cite obscure precedents that were not cited by either party, and are almost completely unrelated to the cases at hand.  When they cannot find any case law to refute Appellant's claims, they instead resort to making findings of fact which

have absolutely no evidential basis to them whatsoever, and often, the evidence clearly shows the exact opposite[1]!

15.     Even if we were to assume, for the sake of argument, that these citations have merit, the fact still remains that the judges went **_out of their way_** to find them, spending literal months doing so, just so they could have an excuse to deny Appellant's motions and dismiss his cases. Why do they approach their judicial decisionmaking with such a mindset?  The only reason why they would do that is if they already had their minds made up regarding how they wanted to rule, and searched for justification for their decision *after* they had already made it.

16.     Whether said search was successful or not, the fact still remains that they *conducted* the agenda-driven search.  Just by nature of getting that far in the first place, the judges have already demonstrated their confirmation bias[2], and upon that being established, disqualification of the judges becomes mandatory, before they have a chance to act on said confirmation bias.

17.     In fact, just the fact alone that the judges already have a belief in their own minds is singlehandedly sufficient to necessitate disqualification, even if the judges have conditioned themselves to act without confirmation bias.  To better explain the rationale behind this argument, take the following hypothetical example:

(a)     Suppose a man is accused of homicide, or some other crime which carries a life sentence. The government prepares to spend three months and five million dollars on a jury trial.

(b)     However, when the trial is about 90% finished, the defense attorney revealed evidence he had recently uncovered: Public school records showing that the Defendant and

---

[1] Case in point: In Case No. 12-3022, Document #84, the Magistrate Judge claimed that Appellant's incarceration at the Boone County Detention Center was not done in order to detain Appellant before trial, but rather, to summarily punish Appellant for the crime he had not yet even been convicted of.
[2] According to www.sciencedaily.com, "confirmation bias is a phenomenon wherein decision makers have been shown to actively seek out and assign more weight to evidence that confirms their hypothesis, and ignore or underweigh evidence that could disconfirm their hypothesis."

one of the jurors were in Ms. Mason's math class together in 10th grade.

(c)     Is there any evidence that the juror remembered meeting the Defendant before?  Is there any evidence to suggest that this juror will hold any kind of bias against or in favor of the Defendant despite having met the Defendant before?  No, there is not.

(d)     However, none of that matters.  The juror had met the Defendant.  Therefore, just on that alone, the Court must declare a mistrial, and do the entire five million dollar case, all over again, from square one.  **_ALL OVER AGAIN!_**

18.    That example clearly demonstrates the absoluteness of a litigant's right to impartiality. Just on the off chance that one of the decision-makers *could* have been even slightly partial, the entire case must be done anew without that potentially-biased tribunal.

19.    Judges are not exempt from the requirements to be impartial.  Rather, the Supreme Court has held on numerous occasions that judicial impartiality is just as important to a person's due process rights as the right to discovery.  Therefore, if judicial partiality is even so much as possible, that possibility must be immediately dealt with, and the District judges have clearly demonstrated that they have their minds already made up about Appellant's motions and cases.

## Conclusion

So, as this Court can clearly see, Appellant's desire to have these judges disqualified has very little to do with a simple desire to re-litigate the issues.  Rather, it is based on Appellant's conviction that the issues were never *fairly* litigated in the first place, a mistake that needs to be corrected.

Wherefore, premises considered, Appellant requests that the orders in all cases (not just this one) denying Appellant's Motion to Disqualify the Judges and Reopen all the Applicable Closed Cases be reversed, costs incurred be awarded, and any other relief to which Appellant

may be entitled.

So requested this 6th day of November, 2013.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com